1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JULIO CESAR NAVAS,

                               Plaintiff,

       v.

THOMAS QUALLS, et al.,

                          Defendants.

Case No. 3:18-CV-0073-MMD-CBC

REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice IB 1-4. For the reason set forth below, it is recommended that plaintiff's complaint be dismissed.

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (ECF No. 1). On October 24, 2018, the undersigned Magistrate Judge issued an order denying plaintiff's application to proceed *in forma pauperis* because the court has on at least three occasions dismissed civil actions commenced by plaintiff for failure to state a claim upon which relief could be granted (ECF No. 6). The court ordered plaintiff to pay the full filing fee within thirty days and cautioned plaintiff that failure to do so would result in a report and recommendation that this case be dismissed. (*Id.*) To date, plaintiff has failed to pay the filing fee as ordered.

Under the Prison Litigation Reform Act, if a prisoner has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or an appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," that person shall be

1  precluded from commencing any new cases *in forma pauperis* except upon a showing of

2  imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

3      On at least three occasions this court dismissed civil actions commenced by

4  plaintiff for failure to state a claim on which relief could be granted. *See Navas v. State*

5  *of Nevada*, Case No. 3:06-CV-0262-RCJ-VPC (dismissed case for failure to state a claim

6  and expressly held that the dismissal would count as plaintiff's "third strike" pursuant to

7  28 U.S.C. § 1915(g)). *Julio Cesar Navas v. Anna Marie Navas, et al.*, CV-N-04-0101-

8  HDM-VPC (dismissal for failure to state a claim); *Julio Navas v. Second Judicial District*

9  *Court*, CV-N-04-0653-HDM-VPC (dismissal for failure to state a claim). In addition, there

10  were no allegations in the complaint or any other filing in the record that plaintiff was in

11  imminent danger or any serious physical injury.

12      District courts have the inherent power to control their dockets and "[i]n the

13  exercise of that power, they may impose sanctions including, where appropriate . . .

14  dismissal" of a case. *Thompson v. Hous. Auth. Of City of Los Angeles*, 782 F.2d 829,

15  831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's

16  failure to prosecute an action, failure to obey a court order, or failure to comply with local

17  rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for

18  noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)

19  (dismissal for failure to comply with an order requiring amendment of complaint); *Carey*

20  *v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local

21  rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal*

22  *Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order);

23  *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of

24  prosecution and failure to comply with local rules).

25      In determining whether to dismiss an action for lack of prosecution, failure to obey

26  a court order, or failure to comply with local rules, the court must consider several factors:

27  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to

28  manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the court finds the first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d 1424. The court's order requiring plaintiff to pay the full filing fee within thirty days expressly stated: "If plaintiff fails to do so, this court will issue a report and recommendation that this case be dismissed due to failure to pay the filing fee." (ECF No. 8 at 2). Thus, plaintiff had adequate warning that dismissal would result from his noncompliance with the court's order to pay the filing fee within thirty days.

Based upon the foregoing, the undersigned magistrate judge recommends that this action be dismissed without prejudice for failure to pay the full filing fee in compliance with the court's October 24, 2019 order (ECF No. 6).

The parties are advised:

1.     Pursuant to 28 U.S.C § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

1    2.    This report and recommendation is not an appealable order and any notice

2    of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District

3    Court's judgment.

4    **RECOMMENDATION**

5    For the reasons stated above, the undersigned Magistrate Judge recommends that

6    the District Court enter an order **DISMISSING** this action without prejudice.

7    DATED:  February 6, 2019.

8

9    UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28